JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Valerie Dougherty

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Martin Stanshine; Stanshine & Sigal, 1528 Walnut St., Ste. 700, Philadelphia, PA 19102; (215) 985-4204

## DEFENDANTS

RoadSafe Traffic Systems, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Michael A. Salvati/Christian A. Weimann; Marshall Dennehey Warner Coleman & Goggin, 2000 Market St., Ste. 2300, Philadelphia, PA 19103; (215) 575-4552

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [x] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1   Original Proceeding
- [x] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff alleges she sustained injuries as a result of a trip and fall at a construction site.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   Mar 30, 2022

SIGNATURE OF ATTORNEY OF RECORD   *Michael Salvati*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| VALERIE DOUGHERTY | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| ROAD SAFE TRAFFIC SYSTEMS, INC. | : | |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                      ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                              ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                 ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.      (X)


| | | |
|---|---|---|
| March **30**, 2022 | *[signature]* | Defendant, RoadSafe Traffic Systems, Inc. |
| Date | Attorneys-at-law | Attorneys for |
| | | masalvati@mdwcg.com |
| | | caweimann@mdwcg.com |
| (215) 575-4552 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| VALERIE DOUGHERTY | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| ROAD SAFE TRAFFIC SYSTEMS, INC. | : | |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                        ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                   ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| March **30**, 2022 | _Mehl Salvati_ | Defendant, RoadSafe Traffic Systems, Inc. |
| Date | Attorneys-at-law | Attorneys for |
| | | masalvati@mdwcg.com |
| | | caweimann@mdwcg.com |
| (215) 575-4552 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff      2839 South Alder Street, Philadelphia, Pennsylvania 19148

Address of Defendant    8750 West Bryn Mawr Avenue, Chicago, Illinois 60631

Place of Accident, Incident or Transaction
12th Street, between Chestnut Street and Market
Street, Philadelphia, Pennsylvania 19107                              *(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____      Judge _____      Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                        Yes ☐   No ☒
2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                        Yes ☐   No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
                                                                        Yes ☐   No ☒

4.   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                        Yes ☐   No ☒

CIVIL:   (Place ✓ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases* | |
|---|---|---|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Jones Act-Personal Injury | 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Antitrust | 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Patent | 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management Relations | 6. | ☒ | Other Personal Injury (Please specify) |
| 7. | ☐ | Civil Rights | 7. | ☐ | Products Liability |
| 8. | ☐ | Habeas Corpus | 8. | ☐ | Products Liability – Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. | ☐ | All other Diversity Cases |
| 10. | ☐ | Social Security Review Cases | | | (Please specify)      Trip and Fall at a Construction Site |
| 11. | ☐ | All other Federal Question Cases – Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. | | | |
| | | (Please specify) | | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐   *Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;*

☐   Relief other than monetary damages is sought.

DATE _____      _____      _____
                                              Attorney-at-Law                              Attorney I.D. #
      **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE   March 30, 2022      _____      311682
                                              Attorney-at-Law                              Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

VALERIE DOUGHERTY          :
        Plaintiff,         :
                          :
        v.              :     CIVIL ACTION NO.
                          :
ROAD SAFE TRAFFIC SYSTEMS, INC. :
        Defendant.     :

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, RoadSafe Traffic Systems, Inc., ("RoadSafe") hereby removes the action entitled <u>Valerie Dougherty v. Road Safe Traffic Systems, Inc.</u>, November Term 2021, No. 1970, as filed in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

## I.    BACKGROUND

1.    Plaintiff, Valerie Dougherty ("Plaintiff"), commenced this personal injury action by filing a Writ of Summons on November 24, 2021 in the Court of Common Pleas of Philadelphia County.  A true and correct copy of Plaintiff's Writ of Summons is included as part of the court file in the State Court Action attached hereto as Exhibit "A."

2.    Plaintiff filed her Complaint on February 28, 2022, and Plaintiff's Complaint was served upon RoadSafe on February 28, 2022.  A true and correct copy of Plaintiff's Complaint is included as part of the court file in the State Court Action attached hereto as Exhibit "B."

3.    This action arises out of an alleged trip and fall accident that occurred on December 6, 2019 at approximately 11:45 a.m.  <u>See</u> Exhibit B.

4.     In her Complaint, Plaintiff alleges that she was walking on the sidewalk of 12th Street, between Chestnut Street and Market Street, in Philadelphia, Pennsylvania, when she tripped and fell over the base of an overturned traffic-control sign on that sidewalk.  See Exhibit B at ¶ 4.

5.     In her Complaint, Plaintiff further alleges that based on information received during the course of discovery in a related lawsuit, RoadSafe purportedly provided and placed the aforementioned road sign at the alleged accident location.  See Exhibit B at ¶ 6.

6.     Plaintiff has asserted a negligence claim against RoadSafe, and she seeks to recover in excess of $50,000.00 for her pain and suffering, past and future medical costs, and the loss of enjoyment of life and life's pleasures.  See Exhibit B.

## II.   DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT

7.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and one which RoadSafe may remove to this Court pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different states and the matter in controversy exceeds the sum of or value of $75,000.00, exclusive of interest and costs.

8.     For diversity purposes, an individual is a citizen where she is domiciled.  28 U.S.C. § 1332.

9.     As alleged in the Complaint, Plaintiff resides at 2839 South Alder Street, Philadelphia, Pennsylvania 19148; therefore, Plaintiff is a citizen of Pennsylvania.  See Exhibit B.

10.    For diversity purposes, a corporate party is a citizen of the state it has been incorporated in and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11.     Defendant, RoadSafe Traffic Systems, Inc., is a corporation that was incorporated under the laws of Delaware, and its principal place of business is located in Chicago, Illinois. A true and correct copy of Defendant, RoadSafe Traffic Systems, Inc.'s, Answer to Plaintiff's Complaint is included as part of the court file in the State Court Action attached hereto as Exhibit "C."

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12.     Where, such as here, Plaintiff's Complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (U.S. 2014).

13.     Although Plaintiff does not quantify the exact damages, she seeks compensation in excess of $50,000.00 for her alleged "severe and painful injuries" as a result of the subject trip and fall accident, including fractures requiring surgeries, some of which are alleged to be or may be permanent in nature, past and future medical costs, and non-economic damages. See Exhibit B at ¶¶ 8-11.

14.     While RoadSafe reserves the right to challenge the extent of Plaintiff's damages, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See Dart, supra; See also Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (amount in controversy requirement is satisfied unless it is clear "to a legal certainty" that the claim is really for less than the jurisdictional amount); Sherman v. Bally's Hotel & Casino, 2010 WL 1491425 at *1 (D.N.J. Apr. 13, 2010), citing Bunch v. Wal-Mart, 2009 U.S. Dist. LEXIS 34019, at *7 (N.D.Ind. Apr. 20, 2009) (finding that a plaintiff's "allegations of permanent injury, medical expenses, pain and suffering, and future medical expenses and pain and suffering make

3

it facially apparent that the amount in controversy exceeds $75,000" in a personal injury case).

## IV.    PROCEDURAL REQUIREMENTS FOR REMOVAL

15.    A Notice of Removal must be filed within thirty (30) days of receipt of the Complaint. 28 U.S.C. § 1446(b).

16.    Where, as here, a defendant is served with a writ of summons and the complaint is filed at a later date, the thirty (30) day period commences from the time the defendant receives a copy of the complaint.  Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007), citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (U.S. 1999).

17.    Because RoadSafe was served with Plaintiff's Complaint on February 28, 2022, this removal is timely pursuant to 28 U.S.C. § 1446(b).

18.    This action is being removed "to the district court of the United States for the district court and division embracing the place where such action is pending" pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Pennsylvania embraces Philadelphia County, Pennsylvania.

19.    Defendant, RoadSafe Traffic Systems, Inc., is the only Defendant in this action, and, therefore, no other party need consent pursuant to 28 U.S.C. § 1446(b)(2)(A).

20.    Pursuant to 28 U.S.C. § 1446(d), Defendant, RoadSafe Traffic Systems, Inc., will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania.  RoadSafe will also serve Plaintiff with a copy of this Notice of Removal, and RoadSafe will file the Notice of Removal in the State Court Action in the Philadelphia County Court of Common Pleas.

21.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders which have been served upon Defendant, RoadSafe Traffic Systems, Inc., is attached hereto. This includes the Writ of Summons, Complaint, and Answer previously identified as Exhibits "A," "B," and "C," respectively, as well as the Affidavit of Service and Case Management Orders collectively attached hereto as Exhibit "D."

WHEREFORE, Defendant, RoadSafe Traffic Systems, Inc., notifies this Court that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

Respectfully submitted,

By:     _____
MICHAEL A. SALVATI, ESQUIRE
CHRISTIAN A. WEIMANN, ESQUIRE
**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
Attorney I.D. Nos. 311682/312375
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: (215) 575-4552 /Fax: (215) 575-0856
masalvati@mdwcg.com
caweimann@mdwcg.com
Attorneys for Defendant,
RoadSafe Traffic Systems, Inc.

Dated: March 30, 2022

## CERTIFICATE OF SERVICE

I, Michael A. Salvati, Esquire, do hereby certify that a true and correct copy of the Notice of

Removal of Defendant, RoadSafe Traffic Systems, Inc., was served upon the following counsel of

record, via first class mail and electronic mail, on the below date.

Martin Stanshine, Esquire
Stanshine & Sigal, P.C.
1528 Walnut Street
Suite 700
Philadelphia, PA  19102
martinstanshine@hotmail.com

By: _____

MICHAEL A. SALVATI, ESQUIRE
CHRISTIAN A. WEIMANN, ESQUIRE
**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
Attorney I.D. Nos. 311682/312375
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: (215) 575-4552 /Fax: (215) 575-0856
masalvati@mdwcg.com
caweimann@mdwcg.com
Attorneys for Defendant,
RoadSafe Traffic Systems, Inc.

Dated: March 30, 2022

# EXHIBIT A

STANSHINE & SIGAL, P.C.
BY: MARTIN STANSHINE
Number: 15388
1528 Walnut Street / Suite 700
Philadelphia, Pennsylvania 19102
(215) 985-4204 – phone
(215) 545-0668 – fax

*Attorney for Plaintiff*

THIS IS <u>NOT</u> AN ARBITRATION MATTER.
HEARING IS REQUIRED.

Filed and Attested by the
Office of Judicial Records
24 NOV 2021 10:48 am
S. RUSSO

| | |
|---|---|
| VALERIE DOUGHERTY<br>2839 S. Alder Street<br>Philadelphia, PA 9148<br><br>vs.<br>ROADSAFE TRAFFIC SYSTEMS, INC.<br>5180 Commerce Drive<br>York, PA 17408 | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>NOVEMBER TERM, 2021<br><br>NO. |

## <u>PRAECIPE TO ISSUE WRIT OF SUMMONS</u>

TO THE CLERK OF THE ABOVE COURT:

      Kindly issue a writ of Summons in the within matter.

STANSHINE & SIGAL, P.C.

MARTIN STANSHINE, ESQUIRE
*Attorney for Plaintiff, Valerie Dougherty*

Case ID: 211101970

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

VALERIE DOUGHERTY

*Plaintiff*

              vs.

ROADSAFE TRAFFIC SYSTEMS, INC.

*Defendant*

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS

NOVEMBER_____ Term, 20<u>21</u>

No._____

To[1]

ROADSAFE TRAFFIC SYTEMS, INC.

5180 Commerce Drive

York, PA 17408

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

VALERIE DOUGHERTY

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By:_____

Date: NOVEMBER 24, 2021

10-208 (Rev. 6/14)

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintlf(s)

Case ID: 211101970

# Court of Common Pleas

NOVEMBER_____ Term, 20 21_____

No. _____

VALERIE DOUGHERTY_____
*Plaintiff*

vs.

ROADSAFE TRAFFIC SYSTEMS, INC.__
*Defendant*

# SUMMONS

# EXHIBIT B

STANSHINE & SIGAL, P.C.
BY: MARTIN STANSHINE
Number: 15388
1528 Walnut Street / Suite 700
Philadelphia, Pennsylvania 19102
(215) 985-4204 – phone
(215) 545-0668 – fax

THIS IS NOT AN ARBITRATION MATTER.
HEARING IS REQUIRED.

*Filed and Attested by the Office of Judicial Records 28 FEB 2022 11:26 am*

*Attorney for Plaintiff*

|  |  |  |
|---|---|---|
| VALERIE DOUHERTY | : | COURT OF COMMON PLEAS |
| 2839 S. Alder Street | : | OF PHILADELPHIA COUNTY |
| Philadelphia, PA 9148 | : | |
|  | : | NOVEMBER TERM, 2021 |
| vs. | : | |
| ROAD SAFE TRAFFIC SYSTEMS, INC. | : | |
| 5180 Commerce Drive | : | NO. 01970 |
| York , PA 17408 | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your attorney at once. If you do not have an attorney or cannot afford one, go to or telephone the office set forth below to find out where you can obtain legal help.*

Philadelphia Bar Association
Lawyer Referral & Information Service
One Reading Center
Philadelphia, Pennsylvania  19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisando que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiera que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

*lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion de Licenciados
de Filadelfia Servicio de Referencia e

Informacion Legal
One Reading Center
Filadelfia, Pennsylvania  19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 211101970

STANSHINE & SIGAL, P.C.
BY: MARTIN STANSHINE
Number: 15388
1528 Walnut Street / Suite 700
Philadelphia, Pennsylvania 19102
(215) 985-4204 – phone
(215) 545-0668 – fax

THIS IS <u>NOT</u> AN ARBITRATION MATTER.
HEARING IS REQUIRED.

*Attorney for Plaintiff*

|  |  |  |
|---|---|---|
| VALERIE DOUHERTY | : | COURT OF COMMON PLEAS |
| 2839 S. Alder Street | : | OF PHILADELPHIA COUNTY |
| Philadelphia, PA 9148 | : | |
|  | : | NOVEMBER TERM, 2021 |
| vs. | : | |
| ROAD SAFE TRAFFIC SYSTEMS, INC. | : | |
| 5180 Commerce Drive | : | NO. 01970 |
| York , PA 17408 | : | |

## <u>COMPLAINT</u>

1.      Plaintiff, Valerie Dougherty, is an adult individual, residing at the address set forth above.

2.      Defendant, Road Safe Traffic Systems, Inc. (hereinafter referred to as "Road Safe"), is a business entity licensed to do business in Pennsylvania, with a principal place of business at the above stated address.

3.      At all times relevant hereto, all agents servants, workmen and/or employees of defendant were acting within the course and scope of their authority.

4.      On or about December 6, 2019 at approximate 11:45 AM, plaintiff was walking on the sidewalk of 12th Street, between Chestnut and Market Streets, Philadelphia, PA, when she tripped and fell over the base of an overturned traffic-control sign on that sidewalk.

5.      Plaintiff, Valerie Dougherty, at the time and place of the aforementioned occurrence, was proceeding with due care and caution under circumstances and did not know of the improper, dangerous and unsafe condition of the said portion of the premises.

6.      Based on information received during the course of discovery in a related lawsuit, it is alleged that defendant – Road Safe – provided and placed the aforementioned road sign at the above location.

7.    Plaintiff's injuries and resulting damages, as specifically set forth herein below, were due to the negligence of defendant in the defendant did, based on information received in related lawsuit:

(a)    Negligently, and carelessly place traffic control on the sidewalk thereby creating a tripping hazard despite the fact that defendant knew that this was a heavily traveled sidewalk;

(b)    Negligently, and carelessly place and/or provide a traffic control device on the sidewalk without proper balancing thereby allowing the device to fall over with the base on the side walk and the sign in the street.

(c)    Know and/or by exercise of reasonable care would have discovered or should have known the aforesaid dangerous condition existed and that same involved an unreasonable risk of harm to the public;

(d) Negligently, carelessly and/or recklessly and/or wrongfully allow the aforesaid dangerous condition to remain for an unreasonable period of time since a sufficient period of time had elapsed for the defendant to have notice of said condition;

(e) Negligently, carelessly, and/or recklessly, fail to warn or otherwise make persons upon the premises aware of the said dangerous condition when defendant knew or should have realized the said condition involved unreasonable risk to harm to pedestrians.

(f) Otherwise fail to exercise due care under the circumstances.

8.    As a sole result of the aforesaid accident, plaintiff has sustained severe and painful injuries including but not limited to the following: right elbow Monteggia fracture requiring multiple surgeries, right ulnar fracture, and right wrist tear. She has suffered other serious orthopedic, neurological and soft tissue injuries, the full extent of which have not as yet been ascertained; she has sustained a severe shock to her nerves and nervous system, and has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

9.    As a direct result of the injuries sustained in the aforementioned accident, plaintiff has incurred and is continuing to incur medical and related bills and expenses for medical attention and care

and has been required to expend various sums of money and incur other related expenses on account of the severe injuries she has suffered, and of which he will probably continue to incur and be obliged to make such continuing expenditures for an indefinite period of time in the future, all of which is to her great financial detriment and loss.

10.     As a further result of the aforementioned accident, plaintiff has suffered injuries the nature of which are or may be in full or in part regarded as permanent, irreparable and/or severe.

11.     As a further direct result of the injuries sustained in the aforementioned accident, plaintiff has suffered, is suffering, and may continue to suffer great pain and extreme agony, and she has been and probably will in the future be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution in her ability to enjoy life and life's pleasures.

WHEREFORE, plaintiff, Valerie Dougherty, demands judgment against the defendant, Hunter Roberts Construction Group LLC, in an amount **in excess** of fifty thousand dollars ($50,000.00), plus interest, attorneys' fees and costs of suit.

Respectfully submitted,

STANSHINE & SIGAL, P.C.

BY:       _____
MARTIN STANSHINE, ESQUIRE
*Attorney for Plaintiff, Valerie Dougherty*

Case ID: 211101970

# V E R I F I C A T I O N

I, _Valerie Dougherty_ , hereby state that I am the plaintiff in the within

action and verify that the statements made in the foregoing **COMPLAINT** are true and correct to

the best of my information, knowledge and belief.

I, the undersigned, understand that the statements made herein are made subject to the

penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_2-22-22_
(DATE)

Case ID: 211101970

# EXHIBIT C

TO:  PLAINTIFF
YOU ARE HEREBY NOTIFIED TO PLEAD to the
ENCLOSED NEW MATTER WITHIN TWENTY Records
(20) DAYS FROM THE DATE HEREOF OR 137  am
HEREOF OR A DEFAULT JUDGMENT MAY BE
ENTERED AGAINST YOU.

_/s/ Michael A. Salvati_
Michael A. Salvati
Attorney for Defendant,
RoadSafe Traffic Systems, Inc.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:  MICHAEL A. SALVATI
Attorney ID. No. 311682
BY:  CHRISTIAN A. WEIMANN
Attorney  ID. No. 312375
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4552 / 215-575-2737 (P)
215-575-0856 (F)
masalvati@mdwcg.com
caweimann@mdwcg.com

Attorneys for Defendant
RoadSafe Traffic Systems, Inc.

| | | |
|---|---|---|
| VALERIE DOUGHERTY | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY, PA** |
| | : | |
| v. | : | |
| | : | NOVEMBER TERM, 2021 |
| | : | |
| ROAD SAFE TRAFFIC SYSTEMS, INC. | : | NO. 01970 |

**ANSWER WITH NEW MATTER OF
DEFENDANT ROADSAFE TRAFFIC SYSTEMS, INC.
<u>TO PLAINTIFF'S COMPLAINT</u>**

Defendant RoadSafe Traffic Systems, Inc. ("Answering Defendant"), by and through its

attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby submits its Answer to

Plaintiff's Complaint, with New Matter, as follows:

1.      Denied.  Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth of the averments in this paragraph, hence they are denied.

Case ID: 211101970

2.      Admitted in part.  Denied in part.  It is admitted only that Answering Defendant is a business entity licensed to do business in Pennsylvania, and that it maintains a place of business at the address identified in the Complaint.  It is denied that Answering Defendant has its principal place of business at the stated address.  Answering Defendant's principal place of business is in Chicago, IL.

3.      Denied.  The averments of agency contained in this paragraph do not identify individual agents or conduct and are therefore incapable of a specific response beyond general denial.

4-6.    Denied.  Answering Defendant denies the averments of these paragraphs as legal conclusions to which no response is required, or averments of fact which are denied generally pursuant to Pa. R.C.P. 1029(e).

7.      Answering Defendant denies the averments of this paragraph as legal conclusions to which no response is required, or averments of fact which are denied generally pursuant to Pa. R.C.P. 1029(e).  By way of further response, subparagraph 7(f) has been withdrawn by stipulation of the parties, as have Plaintiff's allegations of recklessness.

8-11.   Denied.  Answering Defendant denies the averments of these paragraphs as legal conclusions to which no response is required, or averments of fact which are denied generally pursuant to Pa. R.C.P. 1029(e).  By way of further response, Plaintiff's claim for attorneys' fees has been withdrawn by stipulation of the parties.

WHEREFORE, Defendant RoadSafe Traffic Systems, Inc. demands the entry of judgment in its favor, together with costs.

Case ID: 211101970

## NEW MATTER

12.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Answering Defendant.

13.     Negligence on the part of Answering Defendant is denied.

14.     The claims against Answering Defendant may be barred by the applicable statute of limitations.

15.     Plaintiff's claims may be barred or her recovery may be limited by the application of 42 Pa. C.S. § 7102.

16.     Answering Defendant owed no duty with respect to the incident at issue.

17.     Answering Defendant breached no duty it may have owed with respect to the incident at issue.

18.     Answering Defendant's conduct was not the legal or factual cause of the alleged incident.

19.     The nature, existence, origin, causation, amount, duration and extent of the injuries, damages and losses claimed are at issue and Answering Defendant demands proof of the same by Plaintiff, as required by law.

20.     If Plaintiff suffered injuries, losses and/or damages as alleged, then the same were caused or contributed to by conditions or persons over whom Answering Defendant had no control and for which Answering Defendant is not responsible.

21.     The conduct of persons and/or entities other than Answering Defendant constitutes an intervening, superseding cause obviating any liability on the part of Answering Defendant, the existence of such liability being expressly and specifically denied.

22.     Plaintiff may have failed to mitigate her damages.

3

Case ID: 211101970

23.     Answering Defendant did not own, possess, or control the premises at issue.

24.     No defect existed which would constitute a hazardous or unsafe condition in the premises at issue.

25.     Answering Defendant had no knowledge of any defect or hazardous or unsafe condition of the premises.

26.     Any alleged defect or hazardous or unsafe condition was open and obvious and known to the plaintiff.

27.     Answering Defendant reserves the right to raise additional defenses as this case proceeds through discovery and towards trial.

WHEREFORE, Defendant RoadSafe Traffic Systems, Inc. demands the entry of judgment in its favor, together with costs.


                                        MARSHALL DENNEHEY WARNER
                                        COLEMAN & GOGGIN


                                        BY:   */s/ Michael A. Salvati*
                                              MICHAEL A. SALVATI
                                              CHRISTIAN A. WEIMANN
                                              Attorneys for Defendant
                                              RoadSafe Traffic Systems, Inc.

Case ID: 211101970

# <u>V E R I F I C A T I O N</u>

Margaret Bennett states that she is the Vice President and General Counsel of RoadSafe Traffic Systems, Inc.; that she is authorized to make this verification on behalf of RoadSafe Traffic Systems, Inc.; that she is acquainted with the facts set forth in the foregoing Answer with New Matter to Plaintiff's Complaint; that the foregoing document is based on information communicated by RoadSafe Traffic Systems, Inc. personnel and other persons, and information obtained from books and records of RoadSafe Traffic Systems, Inc.; that the same are true and correct to the best of her knowledge, information and belief, based upon information provided to her; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
MARGARET BENNETT
Vice President and General Counsel,
RoadSafe Traffic Systems, Inc.

Case ID: 211101970

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer with New Matter of Defendant, RoadSafe Traffic Systems, Inc., to Plaintiff's Complaint was served this date, via the court's electronic filing system, to all counsel of record.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:  /s/ Michael A. Salvati
MICHAEL A. SALVATI
Attorney for Defendant
RoadSafe Traffic Systems, Inc.

**DATED:** March 21, 2022

# EXHIBIT D

# SHERIFF'S OFFICE OF YORK COUNTY



**Richard P Keuerleber**
*Sheriff*

**Steven Diehl**
*Chief Deputy, Operations*



Filed and Attested by the
Office of Judicial Records
16 DEC 2021 09:48 am
C. RICE

---

VALERIE DOUGHERTY
vs.
ROADSIDE TRAFFIC SYSYTEMS, INC.

| Case Number |
| 211101970 |

---

## SHERIFF'S RETURN OF SERVICE

12/07/2021   03:40 PM - DEPUTY KURTIS STARTZEL, BEING DULY SWORN ACCORDING TO LAW, SERVED THE REQUESTED WRIT OF SUMMONS (WOSM) BY HANDING   A TRUE COPY TO A PERSON REPRESENTING THEMSELVES TO BE PATRICK MARKEL, OPERATION MANAGER, WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR ROADSIDE TRAFFIC SYSYTEMS, INC. AT 5180 COMMERCE DRIVE, YORK, PA 17408.

_____
KURTIS STARTZEL, DEPUTY

SHERIFF COST: $36.44

SO ANSWERS,

_____

December 08, 2021

RICHARD P KEUERLEBER, SHERIFF

Commonwealth of Pennsylvania - Notary Seal
MEGAN E BELL - Notary Public
York County
My Commission Expires January 27, 2025
Commission Number 1389198

**NOTARY**

Affirmed and subscribed to before me this

| 8TH | day of | DECEMBER | 2021 |

_____

# SHERIFF'S OFFICE OF YORK COUNTY

**Richard P Keuerleber**
*Sheriff*



Christopher M Ferro, Esq.
*Solicitor*

*Filed and Attested by the
Office of Judicial Records
28 MAR 2022 04:13 pm
C——————Race, II
Clerk of Administration*

**Steven Diehl**
*Chief Deputy, Operations*

| VALERIE DOUGHERTY | |
|---|---|
| vs. | **Case Number** |
| ROAD SAFE TRAFFIC SYSTEMS, INC | 211101970 |

## SHERIFF'S RETURN OF SERVICE

03/21/2022   08:35 AM - DEPUTY SAGE LEAR, BEING DULY SWORN ACCORDING TO LAW, SERVED THE REQUESTED COMPLAINT IN CIVIL ACTION (CICA) BY HANDING  A TRUE COPY TO A PERSON REPRESENTING THEMSELVES TO BE PATRICK MARKEL, OPERATIONS MANAGER, WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR ROAD SAFE TRAFFIC SYSTEMS, INC AT 5180 COMMERCE DRIVE, YORK, PA 17408.

SAGE LEAR, DEPUTY

SHERIFF COST: $37.04

SO ANSWERS,

March 22, 2022

RICHARD P KEUERLEBER, SHERIFF

Commonwealth of Pennsylvania - Notary Seal
MEGAN E BELL - Notary Public
York County
My Commission Expires January 27, 2025
Commission Number 1389198

**NOTARY**

Affirmed and subscribed to before me this

_____22ND_____ day of _____MARCH_____, _____2022_____

(c) CountySuite Sheriff, Teleosoft, Inc.

Case ID: 211101970



DOCKETED
TRIAL DIVISION - CIVIL
08-MAR-2022
**B. LAWLOR**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

|  |  |
|---|---|
| *DOUGHERTY*<br>*VS*<br>*ROADSAFE TRAFFIC SYSTEMS, INC.* | *November Term 2021*<br>*No. 01970* |

*CASE MANAGEMENT ORDER*
*EXPEDITED TRACK*

It is Ordered that the above captioned matter is hereby assigned to the January 2023 Trial Pool and counsel should anticipate trial to begin expeditiously thereafter. Counsel and parties will be noticed for trial to take place during the designated trial pool month. All counsel and parties must immediately notify the court of any scheduling conflicts, including trial attachment and pre-paid vacations by electronically filing a trial pool conflict letter and are under a continuing obligation to notify the court of any subsequent trial attachments during the trial pool month. The court will not recognize any untimely conflict notifications. Failure to notify Court of scheduling conflicts will result in the imposition of appropriate sanctions. To electronically file the trial pool conflict letter, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Trial Pool Conflict Letter" as the document type.

**AND NOW, 08-MAR-2022, it is Ordered that:**

1. The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* in the above matter shall be completed not later than *05-SEP-2022.*

3. *Plaintiff's expert report*, if applicable, including any supplemental report, *is to be served on* opposing counsel and/or opposing party on or before *05-SEP-2022.*

4. *Defendant's and any additional defendants' expert report* is to be served on opposing counsel and/or opposing party on or before *03-OCT-2022.*

5. All *pre-trial and dispositive motions* must be filed no later than *03-OCT-2022.*

6. A mandatory *pre-trial settlement conference* will be scheduled any time after *07-NOV-2022.*

**EARLIER LISTINGS WILL BE SCHEDULED AT THE DISCRETION OF THE COURT. COUNSEL MUST APPEAR AT THE MANDATORY PRE-TRIAL SETTLEMENT**

CONFERENCE WITH KNOWLEDGE OF THE CASE AND SETTLEMENT AUTHORITY. FAILURE TO COMPLY WITH THIS DIRECTIVE WILL RESULT IN SANCTIONS IN THE AMOUNT OF $100.00. Notice will be sent to all parties at least thirty (30) days in advance of the conference. Ten (10) days prior to the conference, all counsel shall serve upon all opposing counsel and/or opposing parties and file with the Court a pre-trial settlement memorandum containing the following:

(a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; and

(f) Each counsel shall provide an estimate of the anticipated length of trial.

**FAILURE TO TIMELY FILE A PRE-TRIAL SETTLEMENT CONFERENCE MEMORANDUM MAY RESULT IN THE IMPOSITION OF MONETARY SANCTIONS.**

All Motions in Limine shall be filed in accordance with electronic filing procedures not later than fifteen (15) days prior to the start of trial. Responding counsel shall have ten (10) days thereafter to file any response. For pool cases, the start of the trial is defined as the first day of the trial pool listing.

Requests to extend any case management deadline or for trial continuance must be submitted by filing a Motion for Extraordinary relief and filed prior to the expiration of the deadline in question.

Any requests for a date-certain trial listing must be submitted in writing with specificity, with a copy to opposing party, and directed to the Honorable Abbe Fletman, Team Leader, via facsimile (215-686-5137) or US Mail (622 City Hall, Philadelphia, PA 19107). However, said requests may be made only under exigent circumstances.

Counsel should have substitute counsel prepared to conduct settlement conference and/or trial where practicable.

All counsel are under a continuing obligation and are hereby ordered to serve a copy of this Order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order.

*BY THE COURT:*
*ABBE FLETMAN, J.*

*TEAM LEADER*



IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| DOUGHERTY | November Term 2021 |
| VS | No. 01970 |
| ROADSAFE TRAFFIC SYSTEMS, INC. | |

### *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1.  All discovery shall be completed not later than 05-SEP-2022.

2.  Plaintiff shall submit expert reports not later than 05-SEP-2022.

3.  Defendant shall submit expert reports not later than 03-OCT-2022.

4.  All pre-trial motions other than motions in limine shall be filed not later than 03-OCT-2022.

5.  A settlement conference will be scheduled any time after 03-OCT-2022.

6.  A pre-trial conference will be scheduled at any time after 07-NOV-2022.

7.  It is expected that this case shall be ready for trial by 02-JAN-2023.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

/s/

DENIS COHEN, J.
TEAM LEADER

24-MAR-2022

RVCMO-Dougherty Vs Roadsafe T

21110197000021