# EXHIBIT C



8750 W. Bryn Mawr Ave|Suite 400|Chicago|Illinois|60631|P 773-724-3300|F 773-864-9477

## CONDITIONS OF RENTAL CONTRACT
### FOR ALL RENTED MATERIAL/EQUIPMENT FROM ROADSAFE TRAFFIC SYSTEMS

1. This agreement shall commence on 3/21/19 or date of final acceptance. This agreement shall be effective for a period of 12 months or expire on December 31, 2019, whichever is sooner.

2. Lessee has inspected the equipment described above and has received operating and maintenance instructions. Lessee accepts the equipment in an "as is" condition, and will provide a competent operator for the equipment.

3. Rental rates begin when the equipment leaves RoadSafe Traffic Systems premises and continues until returned and accepted by RoadSafe Traffic Systems. Lessee understands that all transportation costs and charges are Lessee's responsibility. Lessee also understands that the rental period includes all time that the equipment is in Lessee's possession including Saturday, Sunday and/or Holiday.

4. Lessee agrees to bear the risk of an "Event of Loss" which shall mean any of the following with respect to any of the equipment (a) the actual or constructive loss of such equipment; or (b) the loss, theft, or destruction of such equipment or damage to such equipment to such an extent as shall make repair thereof uneconomical or shall render the equipment permanently unfit for normal use for any reason. An Event of Loss shall not cause an abatement of any rent until Lessee has indemnified Lessor for any such Event of Loss. Lessee shall bear the entire risk of an Event of Loss from the time the materials leave Lessor's premises until the equipment is returned to Lessor's premises. Lessee agrees that the equipment will be used only for its intended purpose by an adult with a valid driver's license, adequate supervision and training.

5. All equipment lost or damaged beyond repair will be paid for by Lessee and/or its insurance company at the actual cost of replacement, and all damaged equipment which can be repaired in Lessor's opinion, will be repaired by Lessor and Lessee agrees to pay the cost of such repairs at Lessor's regular rates.

6. Lessees agree to return the equipment in the same condition as it was when delivered into its possession, normal wear and tear from responsible use being excepted. Responsible use shall mean only normal deterioration of the equipment caused by ordinary and reasonable use of the equipment for its intended purpose. Lessee understands that they may be charged for the cost of cleaning any equipment when required.

7. 18 PA. C.S.A. Section 3932 makes it a criminal offense to obtain property under an agreement using a name other than your own or to fail to return equipment in the time specified in this agreement.

RoadSafe Traffic Systems, Inc.
RoadSafeTraffic.com
8750 W. Bryn Mawr Ave
Suite 400
Chicago, IL 60631
P 773/724-3300
F 773/864-9477
1623 Middle Road Ext
Gibsonia, PA 15044
P 412/767-8830
F 724/443-8880



8. Should Lessee fail to make any payment when due or fail to maintain or return the equipment as provided in this Lease, or violate any provision of this Lease, Lessor may, at its option and without waiving any remedy it may have in law or equity, immediately terminate this Lease, take possession of the equipment without being liable for trespass and recover all rental charges and full damages for any injury to and expenses incurred in repossessing the equipment, and Lessor retains any and all rights and remedies available to Lessor at law or in equity and all such remedies shall be cumulative.

9. CONFESSION OF JUDGMENT. LESSEE HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR AND ENTER AND CONFESS JUDGMENT AGAINST LESSEE, AT ANY TIME OR TIMES AND AS OF ANY TERM, FOR THE PRINCIPAL SUM ABOVE MENTIONED AFTER A DEFAULT BY LESSEE OF THE LEASE FOR THE AMOUNT(S) DUE UNDER THIS LEASE, WITH INTEREST THEREON AT TEN (10%) PERCENT, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION, AND WITH AN ATTORNEY'S COMMISSION OF FIFTEEN PERCENT (15%) OF THE PRINCIPAL INDEBTEDNESS

THE AUTHORITY GRANTED TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY AN EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL LESSEE HAS PAID ALL SUMS REQUIRED TO BE PAID BY LESSEE UNDER THIS NOTE.

LESSEE UNDERSTANDS AND AGREES THAT IT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES THE RIGHT TO NOTICE AND A HEARING PRIOR TO THE ENTRY OF SAID JUDGMENT BY CONFESSION, AND HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL PRIOR TO SIGNING THIS WAIVER.

10. Should collection proceedings be required as determined by Lessor, Lessee agrees to pay all of the Lessor's costs, including expenses, counsel fees and costs incurred in collecting any sums payable by Lessee.

11. DISCLAIMER OF WARRENTIES. LESSOR, BEING NEITHER THE MANUFACTURER, NOR A SUPPLIER, NOR A DEALER IN THE EQUIPMENT, MAKES NO WARRENTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS WHICH PROVIDE FOR SPECIFIC APPARATUS OR SPECIAL METHODS. LESSOR FURTHER DISCLAIMS ANY LIABILITY WHATSOEVER FOR LOSS, DAMAGE, OR INJURY TO LESSEE OR THIRD PARTIES AS A RESULT OF ANY DEFECTS, LATENT OR OTHERWISE, IN THE EQUIPMENT. AS TO LESSOR, LESSEE LEASES THE EQUIPMENT "AS IS". LESSOR SHALL NOT BE LIABLE IN ANY EVENT TO LESSEE FOR ANY LOSS, DELAY, OR DAMAGE OF ANY KIND OR CHARACTER RESULTING FROM DEFECTS IN, OR INEFFICIENCY OF, EQUIPMENT HEREBY LEASED OR ACCIDENTAL BREAKAGE THEREOF.

12. Lessor may terminate this agreement at any time and retake possession of any item in Lessor's sole discretion, and Lessee agrees to hold Lessor harmless for any claims or damage arising out of its retaking of possession of the equipment.

13. All equipment retained over Rental Contract allotted time will be considered overtime and additional rate structure shall apply. (See Front of Rental Contract)



14. Lessee agrees to indemnify and defend Lessor against, and hold Lessor harmless from any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities, including attorney's fees which: relate to injury or to destruction of property, or bodily injury, illness, sickness, disease or death of any person (including any agents servant, workman or employee of Lessee) and are caused or claimed to be caused, in whole or in part by the equipment leased herein or by the liability or conduct (including active, passive, primary or secondary) of Lessor, its agents or employees, or anyone for whose acts any of them may be liable. The parties agree that Lessor shall only be liable or responsible for actions of willful misconduct. Lessee shall be liable and responsible for all costs, expenses and attorney fees incurred in such defense and/or settlement, judgment or other resolution. In the event that such action is commenced naming Lessor as a party, Lessor may elect to defend said action on its own behalf and Lessee agrees that they shall be liable for all costs, expenses and attorney's fees incurred by Lessor in such defense.

15. This agreement shall be governed by the laws of the Commonwealth of Pennsylvania and any disputes hereunder shall be resolved in the courts of Allegheny County, Pennsylvania.

16. This contract represents the entire agreement between the parties hereto, and may not be amended or modified except by separate written agreement signed by both of the parties hereto.

17. In instances where signatures are not obtained on the rental agreement at the time of pick-up of the equipment by Lessor, Lessee agrees to be bound by the terms and conditions of this agreement upon facsimile transmission of the rental contract by RoadSafe Traffic Systems to Lessee with the same purpose and effect as if said rental agreement had been signed by the parties at the time of delivery of the equipment.

18. The provisions of this rental contract shall be severable, so that any invalidity, unenforceability or waiver of any of the provisions shall not affect the remaining provisions of the Rental Contract. Charges are from equipment pick up date until return date. A prorated additional charge will be made for days equipment is kept above those indicated in the Rental Contract.

19. By leaving a credit card deposit you are authorizing RoadSafe Traffic Systems to charge the appropriate amount in your absence if the equipment is not returned by the due date up to the maximum value of the equipment with rental costs added

20. If delivery of the equipment is done by RoadSafe Traffic Systems, delivery will be made to one location. The Lessee is responsible for the staging and/or set-up of the equipment. RoadSafe Traffic Systems can provide this service for an additional charge; however, the Lessee must request this service when placing the order not at the time of delivery. The Lessee assumes all responsibility for the daily maintenance and use of the equipment (i.e. fuel, lubrication, battery charging, cleaning, etc.). The Lessee is liable for any and all charges arising from failure of maintenance being performed.

21. When renting trucks, the truck will be filled with fuel at RoadSafe Traffic Systems facility before delivery of pick up. When the truck is returned to RoadSafe Traffic Systems any fuel that must be added to top off the fuel tank will be billed at $7.50 per gallon.

22. The Lessee agrees to pay such extra and overtime charges as RoadSafe Traffic Systems shall from time to time invoice for services rendered on request of the Lessee.



23. RoadSafe Traffic Systems is a 24 hour emergency service. Normal operating hours are 7:30AM to 3:30PM Monday through Friday. Orders requiring delivery outside these hours will be charged accordingly.

24. Insurance: During the Rental Period, Lessee shall maintain, at its own expense, the following minimum insurance coverage: (a.) General Liability Insurance of not less than $1,000,000 per occurrence, including coverage for Lessee's contractual liabilities herein such as the release and indemnification clause; (b.) Property Insurance against loss by All Risks to the Equipment, in an amount at least equal to stipulated value of equipment; (c.) Worker's Compensation Insurance as required by law; and (d.) Automobile Liability Insurance (including comprehensive and collision coverage, a non-owned vehicle endorsement and Uninsured/Underinsured Motorist Coverage), in the same amounts set forth in subsection (a) and (b) above, if the equipment is to be used on any roadway. Such policies shall be primary, non-contributory, on an occurrence basis, contain a waiver of subrogation, name RoadSafe Traffic Systems as an Additional Insured (Including an Additional Insured Endorsement Copy of) and Loss Payee, and provide for RoadSafe Traffic Systems to receive at least 30 days prior written notice of any cancellation or material change. Lessee shall provide RoadSafe Traffic Systems with certificates of insurance evidencing the coverages required above prior to any rental and any time upon RoadSafe Traffic Systems request. The Insurance required herein does not relieve Lessee of its responsibilities, Indemnification or other obligations provided herein, or for which customer may be liable by law or otherwise.

25. Customer acknowledges that the equipment will be returned in a good, clean and uncontaminated condition, free of any and all hazardous substances.

26. The contractor understands and agrees that data, materials, and information disclosed to the contractor may contain confidential and protected information. The contractor covenants that data, material and information gathered, based upon or disclosed to the contractor for the purpose of this contract, will not be disclosed to or discussed with third parties without the prior written consent of RoadSafe Traffic Systems.

27. The rental period shall cover all time consumed in transporting the equipment, including the date of legal delivery to a public carrier for transit to Lessee and upon return of the equipment, the date of legal delivery by such carrier to Lessor, or if no public carrier is used, shall include the date upon which transit to Lessee begins and the date upon which transit from Lessee ends at Lessor's unloading point.

28. Lessee shall pay rental for the entire Rental Period on each article of equipment named in the list of equipment, at the rate therein stipulated and in accordance with the following:

    a. Monthly Rental Rates shall not be subject to any deductions on account of any non-working time in the month. The amount of rent payable for any fraction of a month at the beginning or end of the rental period shall be the monthly rental rate, prorated accordingly to the number of calendar days in such fraction.
    b. Daily rental rates shall not be subject to deductions for any non-working time in the day and shall be paid for each calendar day in the month.

29. Lessor may recall any or all equipment upon ten (10) days written notice to Lessee and the Lessee may return any or all equipment upon a like notice to the Lessor.



30. Lessee shall not remove, alter, disfigure or cover up any numbering, lettering, or insignia displayed upon the equipment, and shall insure that the equipment is not subjected to careless, unusually or needlessly rough usage; and Lessee shall at its own expense maintain the equipment and its appurtenances in good repair and operative conditional, and return it in such conditions to Lessor, ordinary wear and tear resulting from proper use thereof along expected.

31. Unless otherwise mutually agreed in writing, Lessee shall supply and pay all operators on the equipment during the rental period. All operators shall be competent.

32. Lessee shall inspect the equipment within one (1) business day after receipt thereof. Unless Lessee within said period of time gives written notice to Lessor, specifying any defect in or other proper objection to the equipment. Lessee agrees that it shall be conclusively presumed, as between Lessor and Lessee, that Lessee has fully inspected and acknowledged that the equipment is in full compliance with the terms of this agreement, in good conditional and repair, and that Lessee is satisfied with and has accepted the equipment in such good condition and repair. Lessor shall have the right at any time to enter the premises occupied by the equipment and shall be given free access thereto and afforded necessary facilities for the purpose of inspection.

33. No equipment shall be sublet by Lessee, nor shall he assign or transfer any interest in this agreement without written consent of Lessor. Lessor may assign this agreement without notice. Subject to the foregoing, this agreement inures to the benefit of, and is binding upon, the heirs, successors, and assigns of the parties hereto.



In Witness Wherefore, and intending to be legally bound hereby, Contractor and RoadSafe Traffic Systems have, though duly authorized representatives, entered into this agreement. The parties having read and understand the foregoing terms of the contract do by their respective signatures dated below herby agree to the terms thereof.

## RENTAL CONTRACT
### FOR ALL RENTED MATERIAL/EQUIPMENT FROM ROADSAFE TRAFFIC SYSTEMS

This agreement shall commence on __3/21/19__ or date of final acceptance. This agreement shall be effective for a period of 12 months or expire on <u>December 31, 2019</u>, whichever is sooner. By returning page 6 of 6 of this Rental Contract, Lessee agrees to the full Terms and Conditions of this Rental Contract.

Lessee (Company Name): __Brightline Construction Inc__
Address: __550 State Rd, Ste 100__
City: __Bensalem__
State: __PA__
Zip: __19020__
Phone: __215 447 8386__
Fax: __215 447 8342__

Emergency Contact Name: __Mitch Zaiss__
Emergency Contact Number: __215 510 6764__

Lessee (company name): __Brightline Construction Inc__
Signature: _[signed]_
Printed Name: __Mitchell Zaiss__
Date: __3/18/19__

Lessor (company name): RoadSafe Traffic Systems
Signature: _[signed]_
Printed Name: __Ryan Miller__
Date: __3-22-19__